IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. WHITNEY LLC, and JOHN WHITNEY, individually,<br><br>      Plaintiffs,<br><br>vs.<br><br>THIBAUT INC.,<br><br>      Defendant. | ELECTRONICALLY FILED<br><br>Civil Action No. 2:18-cv-00268-LPL |

## THIBAUT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Thibaut Inc. ("Thibaut"), by and through counsel, submits this Answer to John D. Whitney LLC and John Whitney's ("Plaintiffs") Complaint and asserts its affirmative defenses.

### JURISDICTION AND VENUE

1.    Denied.  This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Thibaut disputes Plaintiffs' purported damages are in excess of Seventy-Five ($75,000.00) Dollars.

2.    Denied.  This paragraph contains legal conclusions of law, which are deemed denied and to which no response is required.

### PARTIES

3.    Admitted on information and belief.

4.    Admitted on information and belief.

5.      After reasonable investigation, Thibaut is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Those allegations are therefore denied.

6.      Admitted.

7.      Denied.  This paragraph contains legal conclusions of law, which are deemed denied and to which no response is required.

## FACTUAL ALLEGATIONS

8.      Admitted in part, denied in part.  Thibaut admits that it entered into a written Agency Agreement with John Whitney & Associates wherein Thibaut appointed John Whitney & Associates as the sole agent in certain geographic areas in the United States for sale of Thibaut's goods.  Thibaut further admits that Exhibit 1 to Plaintiffs' Complaint purports to be a true and correct copy of the Agency Agreement.  The Agency Agreement is a written document that speaks for itself, and Thibaut denies Plaintiffs' allegations concerning this document to the extent the allegations are inconsistent with the terms thereof.

9.      Admitted in part, denied in part.  Thibaut admits that Exhibit 2 to Plaintiffs' Complaint purports to be a true and correct copy of an email sent by Bob Senior on September 9, 2011.  The September 9, 2011 email is a written document that speaks for itself, and Thibaut denies Plaintiffs' characterization of this document.  At all relevant times Thibaut acted properly, reasonably, in good faith, and in accordance with its contractual rights under the Agency Agreement.  Thibaut's actions were proper based on Plaintiffs' deficient and inadequate performance of the Agency Agreement, including poor customer service and a decline in sales.  Further, Plaintiffs accepted positive reassignments of geographic territories and commission structure without the need for a written agreement.  Thus, Plaintiffs' alleged damages must be

offset by the increased commissions Plaintiffs received from additions to Plaintiffs' territory and from increases to their commission rate.

10. Admitted in part, denied in part. Thibaut admits that it removed Central Indiana from Plaintiffs' sales territory, as Thibaut had the contractual right to do. Thibaut denies the remaining allegations in this paragraph. This paragraph also contains legal conclusions to which no response is required.

11. Admitted in part, denied in part. Thibaut admits that Exhibit 3 to Plaintiffs' Complaint purports to be a true and correct copy of an email sent by Mary Ann DiClemente to John Whitney on June 23, 2017. The June 23, 2017 email is a written document that speaks for itself, and Thibaut denies Plaintiffs' characterization of this document. Further, Thibaut denies the allegations in this paragraph to the extent they contain conclusions of law. At all times Thibaut acted properly, reasonably, in good faith, and in accordance with its contractual rights under the Agency Agreement.

12. Denied. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Thibaut denies that it breached any of the terms of the Agency Agreement and strict proof is required. At all times Thibaut acted properly, reasonably, in good faith, and in accordance with its contractual rights under the Agency Agreement.

13. Admitted in part, denied in part. Thibaut admits that it exercised its right to terminate the Agency Agreement as of September 29, 2017. Thibaut further admits that Exhibit 4 to Plaintiffs' Complaint purports to be a true and correct copy of an email sent by Mary Ann DiClemente to John Whitney. (The date of the email is not evident on the face of the document.)

The email is a written document that that speaks for itself, and Thibaut denies Plaintiffs' characterization of this document.

## COUNT I – BREACH OF CONTRACT

14. Thibaut incorporates by reference its responses to the preceding paragraphs as if set forth at length herein.

15. Denied.  This paragraph contains legal conclusions of law, which are deemed denied and to which no response is required.  Thibaut complied with the contract.

WHEREFORE, Thibaut Inc. respectfully requests that the Court enter judgment in its favor and against Plaintiffs and award Thibaut Inc. its costs and such other relief as is just and proper.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction as Plaintiffs' potential damages are not in excess of Seventy-Five ($75,000.00) Dollars.

3. Plaintiff has misinterpreted the Agency Agreement, which does not require both parties to enter into a written agreement to amend Plaintiffs' geographic territories or commission structure.  Nor does the Agency Agreement require Plaintiffs' consent for Thibaut to amend Plaintiffs' geographic territories or commission structure.  Rather, the Agency Agreement required only that "[a]mendments or supplements" to the agreement "be confirmed in writing." Here, Thibaut confirmed any amendments or supplements in writing, including as to changes in geographic territories and commission structure.  Moreover, Plaintiffs accepted positive reassignments of geographic territories and commission structure without the need for a written agreement.

4. Thibaut at all times complied with the terms of the Agency Agreement.

5. Thibaut at all times acted properly, reasonably, and in good faith.

6. Thibaut's actions were proper based on Plaintiffs' deficient and inadequate performance of the Agency Agreement, including poor customer service and a decline in sales.

7. To the extent Plaintiffs' claim has merit (which is denied), Plaintiffs' alleged damages must be offset by the increased commissions Plaintiffs received from additions to Plaintiffs' territory and from increases to their commission rate.

8. Plaintiffs failed to comply with the contractual terms of the Agency Agreement, including but not limited to the standard accountabilities set forth in Schedule 1 of the Agency Agreement.

9. Plaintiffs' claims are or may be barred, in whole or in part, by the express terms of the Agency Agreement that form the basis of the claims asserted in the Complaint.

10. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of waiver and estoppel.

11. Thibaut invokes the doctrine of mitigation of damages and alleges that Plaintiffs failed to mitigate such damages, if any, and therefore, Plaintiffs' recovery, if any, should be reduced by the amount of damages which might have been avoided by mitigation.

12. Thibaut expressly reserves the right to assert additional defenses if, and to the extent that, such affirmative defenses become applicable.

WHEREFORE, Thibaut Inc. respectfully requests that the Court enter judgment in its favor and award Thibaut Inc. its costs and such other relief as is just and proper.

Date: May 7, 2018                                             Respectfully submitted,

*/s/ John K. Gisleson*
John K. Gisleson, Esquire (PA62511)
Matthew H. Sepp, Esquire (PA85406)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 560-3300
john.gisleson@morganlewis.com
matthew.sepp@morganlewis.com

*Counsel for Thibaut Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. WHITNEY LLC, and JOHN WHITNEY, individually, | ELECTRONICALLY FILED |
| Plaintiffs, | Civil Action No. 2:18-cv-00268-LPL |
| vs. | |
| THIBAUT INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 7th day of May, 2018, the foregoing **THIBAUT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered users, included the below-listed counsel of record.

Joseph I. Brodak, Esquire
6 South Street, Suite 214
Washington, Pennsylvania 15301
*Counsel for Plaintiffs*

                                                      */s/ John K. Gisleson*
                                                      John K. Gisleson